UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

E.O., *et al.*,

Plaintiffs,

v.

LOREN K. MILLER, *et al.*,

Defendants.

Case No. C26-1542-MLP

ORDER

On May 11, 2026, Plaintiffs E.O., C.R., and C.O. (collectively, "Plaintiffs") filed a Motion for a Protective Order noted for the Court's consideration for May 26, 2026. (Dkt. # 3.) Plaintiffs seek leave to proceed in this action pseudonymously to safeguard their privacy interests as crime victims. (*Id.*) On May 12, 2026, Plaintiffs served copies of the Motion and the complaint and summons, by certified mail with return receipt requested, on Defendants Loren K. Miller, director of the United States Citizenship and Immigration Services ("USCIS") Nebraska Service Center; Joseph B. Edlow, USCIS Director; and Markwayne Mullin, Secretary of Homeland Security (collectively, "Defendants"). (Dkt. # 4.) To date, no Defendant has appeared in this action nor filed a response to Plaintiffs' Motion.

A party's use of a fictitious name or pseudonym runs counter to "the public's common law right of access to judicial proceedings and Rule 10(a)'s command that the title of every complaint 'include the names of all the parties[.]'" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (internal citations omitted) (quoting Fed. R. Civ. P. 10(a)). A party is permitted to use a pseudonym in a civil action, however, "when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068. When the party claims fear of retaliation, a court assesses "the need for anonymity by evaluating the following factors: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation[.]" *Id.* (internal citations omitted). The Ninth Circuit cautions that "the balance between a party's need for anonymity and the interests weighing in favor of open judicial proceedings may change as the litigation progresses." *Id.* at 1069.

Plaintiffs, a family of three, have asserted claims that their applications for U visas, based on their assistance to law enforcement after being victims of a home invasion robbery, have been determined to be "bona fide," entitling them to employment authorization. (Dkt. # 1, ¶¶ 1, 3, 23-25.) Plaintiffs fear that, if their identities were disclosed, the perpetrators could target them for further harm. (Dkt. # 3 at 4.) They contend that statutory protections prohibiting the Department of Homeland Security or the Department of State from disclosing "any information which relates to" U visa beneficiaries demonstrates that they are particularly vulnerable immigrants for whom confidentiality about their cases is particularly important. 8 U.S.C. § 1367(a)(2); dkt. # 3 at 4.

Plaintiffs further contend that Defendants will not be prejudiced because they will provide Defendants their full names. (Dkt. # 3 at 4.) Moreover, while the issues in this action

may be of interest to the public, Plaintiffs' identities are not because the issues are purely legal. (*Id.* at 5.)

Having reviewed the record, the Court concludes that Plaintiffs' reasonable fears and vulnerability to retaliation outweigh the potential prejudice to Defendants and the public interest in their identities. *See, e.g.*, *S.K. v. Hermosillo*, 2026 WL 734195, at *2 (W.D. Wash. Mar. 16, 2026) (granting U visa applicant leave to proceed under pseudonym). Accordingly, the Court GRANTS Plaintiffs' Motion (dkt. # 3). Plaintiffs may proceed herein under the pseudonyms E.O., C.R., and C.O. and shall be so referred to on the docket and in all documents filed in this action. All documents containing Plaintiffs' actual names shall be filed in redacted form. Defendants shall not disclose any personally identifying information that could lead to Plaintiffs' identification.

Dated this 1st day of June, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge